IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
CIVIL DIVISION

| | |
|---|---|
| **ABIBAT ABIOLA** | * |
| 60860 Riverdale Road | * |
| Lanham, MD 20706 | * Case No.: |
| | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * |
| **WASHINGTON METROPOLITIAN** | * |
| **AREA TRANSIT AUTHORITY** | * |
| 600 Fifth Street, NW | * |
| Washington, D.C. 20001 | * |
| | * |
| And | * |
| | * |
| **JOSE CALDERON** | * |
| 14112 Grand Pre Road | * |
| Apt. 42 | * |
| Silver Spring, MD 20906 | * |
| | * |
| | * |
| Defendants | * |
| | * |

## COMPLAINT

Plaintiff Abibat Abiola, by and through undersigned counsel and GDH Law, sues Defendant Washington Metropolitan Area Transit Authority ("WMATA") and Jose Calderon ("Calderon") for cause states as follows:

### I. JURISDICTION AND VENUE

1. At all times relevant, Plaintiff resided at 60860 Riverdale Road, Lanham, Maryland 20706.

1

2. At all times relevant, Defendant, WMATA has a principal place of business at 600 Fifth Street, NW, Washington, DC 20001, and regularly conducts business in Prince George's County, Maryland, thus jurisdiction is proper within the State of Maryland.

3. At a relevant time, Defendant Calderon was a resident of Montgomery County Maryland.

4. The events that form the basis of this case all occurred in Prince George's County, Maryland, thus venue is proper in the Circuit Court for Prince George's County, Maryland.

## II. STATEMENT OF FACTS

1. At all times relevant, Plaintiff was a diabetic and required dialysis treating on a regular basis.

2. As such, on December 17, 2016, Plaintiff was traveling in a motor vehicle owned and operated by Defendant WMATA on her way to receive her scheduled dialysis treatment, when the driver of the Defendant's motor vehicle collided with the motor vehicle that Plaintiff was the passenger in.

3. As a direct result of the collision, Plaintiff was thrown against the window on the left side of the van causing severe injuries.

4. Following the incident, Plaintiff was rushed to the emergency room for treatment.

5. While at the hospital, Plaintiff was treated for injuries to her head, neck, and hip which were directly related to the incident.

6. Additionally, Plaintiff had to also receive her scheduled dialysis in the emergency room as she was unable to leave the hospital and receive treatment from her normal provider.

7. In addition, prior to the incident, Plaintiff's vision was normal. However, the Plaintiff's vision significantly worsened as a direct result of the incident.

8. At all times relevant, Plaintiff was free from any contributory negligence as to the cause of the accident and/or the injuries sustained.

**Count I**
**NEGLIGENCE**
**Plaintiff Abibat Abiola v. Defendant Washington Metropolitan Area Transit Authority**

9. That paragraphs 1–8 are incorporated herein and Plaintiffs further allege as follows:

10. At all times relevant, by virtue of its contract and applicable state and federal law, Defendant acted as the creating and controlling employer of the motor vehicle and its operator.

11. At all times relevant, it was the duty of Defendant and its agents and employees to exercise reasonable care in operating a motor vehicle in a safe and prudent manner, to wit:

   a) Operating the motor vehicle in a manner as to avoid colliding with other vessphicles;

   b) Operating his motor vehicle at a rate of speed that which is reasonable and proper under the existing traffic and whether conditions; and

   c) Generally operating his motor vehicle in a safe and reasonable manner.

10. That despite the duties owed, Defendant, as well as its agents and employees, failed to operate the motor vehicle in a safe and prudent manner and breached each of the foregoing duties.

11. That as a proximate result of the negligence of Defendant, Plaintiff was caused to suffer permanent significant and long-lasting personal injuries, along with past and future

pain and suffering, and was further caused to incur monetary expenses including, but not limited to, past and future medical expenses, lost earnings, and general out of pocket expenses.

WHEREFORE, Plaintiff Abibat Abiola, seeks damages against the Defendant Washington Metropolitan Area Transit Authority in an amount in excess of seventy-five thousand dollars ($75,000.00).

Respectfully submitted,

GDH Law, LLC

By: /s/Gwen-Marie Davis
Gwen-Marie Davis Hicks, Esquire
4200 Parliament Place, Suite 510
Lanham, Maryland 20706
301-769-6835
gdavis@ghdlawfirm.com
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues set forth herein.

By: /s/Gwen-Marie Davis
Gwen-Marie A. Davis Hicks

4